UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ALEJANDRO BENIQUE, JR.,
                         Plaintiff,

               -v-

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,[1]
                     Defendant.

-----------------------------------------------------------------------X

20 Civ. 3243 (PAE) (OTW)

OPINION AND ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Alejandro Benique, Jr., brings this action under the Social Security Act, 42

U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social

Security (the "Commissioner") denying Benique Supplemental Security Income ("SSI") under

the Social Security Act (the "Act") on the grounds that, for the relevant period, Benique's

impairments did not render him disabled under the act. Before the Court is the September 10,

2021 Report and Recommendation of the Hon. Ona T. Wang, United States Magistrate Judge,

recommending that Benique's motion for judgment on the pleadings be granted, that the

Commissioner's cross-motion for judgment on the pleadings be denied, and that this matter be

remanded for further administrative proceedings. Dkt. 16 (the "Report"). For the following

reasons, the Court adopts the Report in full.

## DISCUSSION

"A district court may set aside the Commissioner's determination that a claimant is not

disabled only if the factual findings are not supported by 'substantial evidence' or if the decision

---

[1] As of July 9, 2021, Kilolo Kijakazi has been appointed Acting Commissioner of the Social
Security Administration ("SSA").

is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither Benique nor the Commissioner has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Wang's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Report explicitly states that failure to object within 14 days will result in a waiver of objections and will preclude appellate review. Report at 17. Accordingly, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons articulated in the Report, the Court grants Benique's motion for judgment on the pleadings, denies the Commissioner's cross-motion for judgment on the pleadings, and

remands this case for further administrative proceedings.  The Clerk of Court is respectfully
directed to terminate the motion pending at docket entry 15, and to close this case.


SO ORDERED.

Paul A. Engelmayer
United States District Judge


Dated: September 27, 2021
       New York, New York

3